**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

BOBBY REMILLARD,

    Plaintiff,

-vs-

                      Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC, and VW CREDIT, INC.

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Bobby Remillard (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"), and VW Credit, Inc. (hereinafter "VW") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1

1.      This is an action for actual damages, statutory damages, punitive damage, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of Guliford County in the State of North Carolina. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating

3

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15. Experian disburses such consumer reports to third parties under contract for monetary compensation.

16. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

4

17. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19. VW is headquartered in Libertyville, Illinois and is authorized to conduct business through their registered agent Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

20. VW Financial is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21. VW Financial furnished information about Plaintiff to Equifax, Experian and Trans Union that was inaccurate.

## **FACTUAL ALLEGATIONS**

22. On February 17, 2022, Plaintiff and his wife leased a 2022 Volkswagen Atlas. This generated the account VW partial account number 814741 (hereinafter "VW Account") to be opened.

23. On or about November 5, 2025, Plaintiff and his wife received a letter from VW stating, "Congratulations on the recent payoff of your account. This letter is being sent to verify that the above referenced account is paid in full as of 09/25/2025".

24. As Plaintiff did not pay off his VW Account, he was alarmed and began to communicate with VW directly.

25. As a result of the payoff letter Plaintiff received, and concerned this would negatively impact his credit, Plaintiff submitted a Consumer Financial Protection Bureau (hereinafter "CFPB") Complaint directly to VW to dispute the pay status.

26. Shortly after, Plaintiff began to communicate with the CRAs, as to the tradeline to dispute the reporting of the account.

27. On December 18, 2025, Equifax responded to Plaintiff's dispute that the VW Account pay status of 60-80- days past due. Past due amount of $1,210 was verified as accurate. This was not accurate as Plaintiff had attempted to make the payments.

28. Shortly after, January 5, 2026, Plaintiff received a letter from VW responding to Plaintiff's CFPB Complaint. In the letter they explained that a

check was "mistakenly applied to this account on September 25, 2025. The erroneous payment triggered a systemic release of our electronic lien on your vehicles' title and a paid-in-full letter was automatically generated and sent to you."

29.    On January 14, 2026, Plaintiff was notified of his credit score continuing to drop due to the erroneous pay status of the VW Account.  As a result, Plaintiff again communicated with the CRAs.

30.    On January 26, 2026, Equifax responded to Plaintiff's dispute by verifying the reporting of the 60-80 days past due status. This information was both misleading and inaccurate.

31.    On February 2, 2026, Plaintiff obtained copies of his credit reports and was made aware that the VW Account continued to report with derogatory pay status. Such status negatively impacted Plaintiff's credit worthiness.

32.    As a result of the continued erroneous and derogatory reporting of the VW Account, Plaintiff mailed very detailed dispute letters on February 4, 2026.  In the dispute letters, Plaintiff explained that the reporting of the late status was inaccurate and it needs to be reflected as pays as agreed. In the aforementioned dispute Plaintiff included a copy of his driver's license and

supportive documentation that he received from VW including where VW admits their errors.

33. Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (589 0710 5270 3301 9407 99) and Experian (9589 0710 5270 330104 9408 29) and to Trans Union (9589 0710 5270 3301 9408 36).

34. On or About February 9, 2026, despite communicating with VW, Plaintiff's vehicle was wrongly repossessed. As a result, Plaintiff was forced to take out a new credit line to pay off the vehicle in full to retrieve his vehicle back.

35. Plaintiff never received dispute results from the CRAs as to his last dispute.

36. The CRAs all failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. The CRAs, such as Equifax, Experian, and Trans Union were aware of when the VW Account was opened and received notices of each payment, closures (even if in error) regarding the account. Moreover, the CRAs would have received information from VW concerning this tradeline. Thus, the CRAs should be able to verify the veracity of Plaintiff's claims and that an accounting error was being made by VW. If the CRAs individually conducted their own independent and

reasonable investigation, the outcome of Plaintiff's dispute would have been different.

37.    The CRAs never attempted to contact Plaintiff during the alleged investigation.

38.    Upon information and belief, the CRAs notified VW of Plaintiff's dispute. However, despite having internal records pertaining to the account in question, VW failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by the CRAs in connection with the dispute investigation.

39.    On or about March 11, 2026, Plaintiff obtained an updated copy of his Equifax, Experian and Trans Union credit reports. Upon review, Plaintiff observed that the VW Account now reported the tradeline with a status of "repossession". Such reporting is detrimental to his credit score.

40.    On March 20, 2026, as a result of the continued erroneous and derogatory reporting of the VW Account, Plaintiff mailed very detailed dispute letters. In the dispute letters, Plaintiff explained that the reporting of the late status was inaccurate and it needs to be reflected as pays as agreed. In the aforementioned dispute Plaintiff included a copy of his driver's license and

supportive documentation that he received from VW, which indicated that VW made an error as to the tradeline.

41.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1111 0549 5815 4565 14) and Experian (9407 1111 0549 5815 4565 69) and to Trans Union (9407 1111 0549 5815 4565 21).

42.     As of the filing of this Complaint, upon information and belief, Equifax, Experian, and Trans Union have failed to conduct a reasonable investigation as to Plaintiff's disputes. The inaccurate reporting of the VW Account continues.

43.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, VW.

44.     VW has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

45.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

46.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct his credit file has resulted in fees and costs;

ii.    Loss of time and time taken off from work in attempts to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.    Reduction in credit score as the Defendants failed to properly investigate the disputed information;

v.     Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

vi.    Defamation and Plaintiff's information has been published to third parties including but not limited to FICO to calculate Plaintiff's

credit score. Presumably the CRAs received the CFPB Report filed by Plaintiff and failed to investigate.

## CAUSES OF ACTION

## COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

47. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

48. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49. Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

50. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

56.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

57.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.    Equifax allowed for a Furnisher, such as VW to report inaccurate and erroneous account information to Plaintiff's credit file.

59.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

61.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

62.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

64.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to

15

**Defendant, Equifax Information Services LLC (Negligent)**

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

66.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

67.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

68.    Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the VW tradeline was inaccurate. Equifax ignored

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

69.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

71.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

17

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

72.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

73.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

74.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

75.    Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the VW tradeline was inaccurate. Equifax ignored

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

76.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate;

enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

80.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.    Experian allowed for a Furnisher, such as VW to report inaccurate and erroneous account information to Plaintiff's credit file.

82.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

89.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.     Experian allowed for a Furnisher, such as VW to report inaccurate and erroneous account information to Plaintiff's credit file.

91.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

92.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

93.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

22

94.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

96.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to

23

**Defendant, Experian Information Solutions, Inc. (Negligent)**

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

98.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

99.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

100.   Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the VW tradeline was inaccurate. Experian ignored

24

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

101.  As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.  The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

104. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

105. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

106. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

107. Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the VW tradeline was inaccurate. Experian ignored

this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

108.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

109.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate;

27

enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC. (Negligent)

111. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

112. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

113. Trans Union allowed for a Furnisher, such as VW, to report inaccurate and erroneous account information to Plaintiff's credit file.

114. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

115. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

116.  Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

117.  As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

119.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

29

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

120. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

121. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

122. Trans Union allowed for a Furnisher, such as VW to report inaccurate and erroneous account information to Plaintiff's credit file.

123. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

124. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

125. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

126. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to

31

**Defendant, Trans Union LLC (Negligent)**

129.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

130.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

131.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

132.  Plaintiff provided Trans Union with the information it needed to confirm the pay status and balance of the VW tradeline was inaccurate. Trans

32

Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

133.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

135.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, VW Credit, Inc.  (Negligent)

136.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

137.  VW  furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

138.  After receiving Plaintiff's disputes, VW  violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

139.  Plaintiff provided all the relevant information and documents necessary for VW to have identified that the account pay status and balance were erroneous, all the while having internal documents to support the need to correct the furnishment of the account.

140. VW knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

141. VW violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

142. As a direct result of this conduct, action, and/or inaction of VW, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143. The conduct, action, and inaction of VW was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

144. Plaintiff is entitled to recover costs and attorney's fees from VW in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual damages against Defendant, VW Credit, Inc.; jointly and

severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, VW Credit, Inc.   (Willful)

145.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

146.  VW furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

147.  After receiving Plaintiff's disputes, VW violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

148.  Plaintiff provided all the relevant information and documents necessary for VW to have identified that the account pay status and balance were

erroneous all the while possession internal documents that would support Plaintiff's position in the need of VW to correct Plaintiff's account reporting.

149. VW knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

150. VW violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union after it had been notified that the information it was furnishing was inaccurate.

151. As a direct result of this conduct, action, and/or inaction of VW, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

152. The conduct, action, and inaction of VW was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

153. Plaintiff is entitled to recover costs and attorney's fees from GM Financial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VW Credit, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Conversion as to
### Defendant, VW Credit, Inc.

154. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-six (46) above as if fully stated herein.

155. The repossession of Plaintiff's 2022 Volkswagen Atlas was wrongfully taken by VW. At the time of taking, VW wrongfully reported Plaintiff's account as paid in full, preventing him from making further payments on the account.

156.  VW took possession of the 2022 Volkswagen Atlas with the intent to take ownership of and permanently deprive Plaintiff of the vehicle.

157.  The conduct, action, and/or inaction of VW was grossly negligent.

158.  As a direct result of this conduct, action, and/or inaction of Resurgent, Plaintiff suffered damages, including without limitation, loss of the use of his vehicle; inability to commute as part of daily living; financial loss in the form of additional travel expenses; mental and emotional pain stemming from the anguish, humiliation, and stress; and the damages otherwise outlined in this Complaint.

159.  Plaintiff is entitled to recover damages from VW including, but not limited to, punitive damages, and expenses.

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests a finding of against Defendant, VW Credit, Inc. and award Plaintiff punitive damages, expenses, and all such additional relief deemed just, equitable, and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Bobby Remillard, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, INC.; Trans Union, LLC, and VW Credit, Inc., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of March 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*

40